To the US District Court for the Northern District of California,

Per the order of Judge Trina Thompson, I am submitting this new complaint to the duty judge, and am attaching this cover letter to argue why these claims should be allowed to proceed.

Please note that, even if the Court strikes one or more claims, I still have the right to appeal those strikings, and to that end, I wish to respectfully remind the Court that it has been found to be an automatic abuse of discretion when a trial court gives no explanation at all for its ruling.

- See US v. Burrell, 622 F. 3d 961, 964 (2010) (citing Kern v. TXO[1]) ("We have held that a district court need not give 'lengthy explanations' ... but this does not permit a district court to give no explanation for its decision").

- See also Foman v. Davis, 371 US 178, 182 (1962) ("Of course, the grant or denial ... is within the discretion of the District Court, but outright refusal ... without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules").

- See also Willemijn Houdstermaatschappij v. Standard Micro., 103 F. 3d 9, 12 (2nd Cir. 1997) (citing O.R. Securities v. Professional Planning Assoc., 857 F.2d 742 (11th Cir.1988)) ("When the [tribunals] do not give their reasons, it is nearly impossible for the court to determine whether they acted in disregard of the law").

- See also Purcell v. Gonzalez, 549 US 1, 8 (2006) (reversing the preliminary injunction from the Court of Appeals primarily because "There has been no explanation given by the Court of Appeals showing the ruling and findings of the District Court to be incorrect").

As to the individual claims, here are the reasons why I believe they should all be allowed to proceed:

For the first four counts of infringement, notice that I listed Case 3:24-cv-00398-LJC (Stebbins v. Baz) as a related case on Page 2 of the Complaint. The reason that case is related is because Baz's case for fair use is almost identical in merit to Creetosis's case. In fact, Creetosis's case for fair use is actually *even weaker* than Baz's, because Creetosis's videos were undeniably commercial. I still maintain that Baz's videos were also commercial for purposes of fair use, for reasons I explained in ¶¶ 115-118 of the First Amended Complaint (Dkt. 8) in that case, but at least he can argue noncommerciality without violating FRCP 11; Creetosis cannot.

Since the copyright claims in the Baz case were allowed to proceed, there is no good reason why the first four copyright infringement claims in this case shouldn't be allowed to proceed.

For what it's worth, I provided a link to Creetosis's STAG playlist. Even though the

---

[1] The fact that this SCOTUS case cites the 8th Circuit case of Kern v. TXO, while normally a trivial detail, is important here. US v. Burrell was a criminal case, which is normally a completely inapposite precedent in civil cases like Kern v. TXO, except in a handful of specific cases (such as false arrest) where they inevitably *must* overlap. However, because this criminal case cited a civil case to support its precedent, it helps demonstrate that this requirement for a trial court to explain its rulings isn't limited just to criminal sentencing, but is a general law that encompasses all cases, all aspects of the law, and all stages of litigation, whatsoever.

videos I want to sue over have been taken down, you can still see that playlist and see with your own two eyes that Creetosis's typical format is indeed precisely as I described in ¶¶ 26-31 of the Complaint. As outlandish as the claims may be, that someone could be this delusional regarding how fair use works, you don't have to take my word for it. It's all there in broad daylight.

For the fifth count of infringement, no fair use defense is even available in the first instance for the unauthorized and completely nontransformative display of my copyrighted icon. As such, the fifth copyright infringement claim should be allowed to proceed.

Even if the Court determines that YouTube LLC still has safe harbor for Infringement #5, and/or that Infringement #5 should be stricken altogether, YouTube LLC still should be included as a nominal defendant so I can obtain the injunctive relief I request in Section VI-2-A of the Complaint, as that injunctive relief is available to me, even for the first four counts of infringement, notwithstanding YouTube's safe harbor immunity (which, at least for those four claims, is undisputed).

As to the libel claims, I believe I have thoroughly corrected all the purported deficiencies that Judge Cisneros identified in the libel claims in the Baz case. I believe her reasoning for striking the libel claim in that case is egregiously dubious, for reasons I have already made clear in my Response to Show Cause Order and Objection to Report and Recommendation in that case, but even barring that, those grounds are still not present in the instant case. Creetosis didn't say "it seems" I just want to punish him for criticizing me; he said I "certainly" just want to punish him for criticizing me. Even by Judge Cisneros's standard, that is still an assertion of cast-iron objective fact.

As to the IIED and civil conspiracy claims, I believe those claims are not related to copyright and therefore are not subject to Judge Thompson's screening order.

If they are subject to the screening order, I believe I have thoroughly shown all of the essential elements for those two torts, and that I have alleged sufficient facts to make Creetosis jointly liable for all the stress I have suffered. If the duty judge disagrees, then I humbly ask you to remember the case law I mentioned earlier which states that a failure to give any explanation at all is an automatic abuse of discretion.

Please approve this complaint for filing forthwith and allow me to finally seek justice against the people who have made my life miserable for years now, all for their own demented amusement.

Sincerely,

*David Stebbins* (signature)

David Stebbins (pro se)

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to file amended complaint is **DENIED**, Plaintiff's partial motion for summary judgment is **DENIED**, Plaintiff's motion to strike is **DENIED**, Defendant's motion to dismiss is **GRANTED**, and Defendant's motion to declare Plaintiff a vexatious litigant is **GRANTED**. Plaintiff may not amend his complaint.

In addition, Plaintiff David A. Stebbins is **DECLARED** a vexatious litigant in this District. As such, (1) any future actions against Google LLC, YouTube LLC, Alphabet Inc., or any of their affiliates, or (2) any claim of copyright infringement or copyright-related claims against any defendant, Mr. Stebbins must first provide a copy of his complaint and this Order to the Clerk of this Court, along with a letter requesting the complaint be filed. The Clerk shall then forward the complaint, letter, and copy of this Order to the Duty Judge for a determination whether the complaint should be accepted for filing. Plaintiff is warned that any violation of this order will expose him to contempt proceedings and appropriate sanctions, and any action filed in violation of this Order will be subject to dismissal.

Furthermore, in any future action in this District in which Mr. Stebbins seeks to proceed *in forma pauperis*, a copy of this Order shall be attached to the application seeking to proceed *in forma pauperis* along with a statement seeking screening of the complaint and a statement explaining why the action should be allowed to proceed.

This Order terminates ECF Nos. 31, 32, 49, 61.

**IT IS SO ORDERED.**

Dated: August 30, 2023

TRINA L. THOMPSON
United States District Judge