UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FILED

JUN 21 2024

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

DAVID STEBBINS,

        Plaintiff,

v.

JOHN DOE,

        Defendant.

Case No. 24-cv-03727-LB

**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES**

This action is assigned to the Honorable Laurel Beeler.

**Service of documents.** When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order and the supplementary material specified in Civil Local Rule 4-2.

**Magistrate Judge Jurisdiction.** This case has been randomly assigned to a magistrate judge, who, with written consent of all parties, may conduct all proceedings in a case, including all pretrial and trial proceedings, entry of judgment and post-trial motions, with appeal directly to the United States Court of Appeals for the Ninth Circuit. See "Consenting to the Jurisdiction of a Magistrate Judge" on the Court's webpage at www.cand.uscourts.gov for more information.

Plaintiff or the removing party must complete and file the attached form "Consent or Declination to Magistrate Judge Jurisdiction" (also available at www.cand.uscourts.gov/forms) within 14 days of case initiation, and all other parties must do so within 14 days of appearing in the case, or as otherwise ordered by the Clerk or magistrate judge.

**Availability of Alternative Dispute Resolution.** This action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court's ADR webpage at www.cand.uscourts.gov/adr.

**Important case management dates.** Counsel must comply with the dates listed below unless the judge otherwise orders.

| Case Management Event | Deadline |
|---|---|
| File Certification of Conflicts and Interested Entities or Persons. (See Civil L.R. 3-15) | Upon first appearance (supplement as necessary) |
| Deadline to file ADR Certification. (See ADR L.R. 3) | 8/29/2024 |
| Deadline to meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan. (See F.R. Civ. P. 26(f)) | 8/29/2024 |
| Deadline to make initial disclosures. (See F.R. Civ. P. 26(a)(1)) | 9/12/2024 |
| Deadline to file Joint Case Management Statement. (See Standing Order for All Judges of the Northern District of California) | 9/12/2024 |
| Initial Case Management Conference location: **To be held by Zoom. Go to cand.uscourts.gov/lb for Zoom link.** | 9/19/2024 at 11:00 AM |

# STANDING ORDER FOR ALL JUDGES
## OF THE NORTHERN DISTRICT OF CALIFORNIA
### CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

All judges of the Northern District of California require identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.  <u>Jurisdiction and Service</u>: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.  <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.  <u>Legal Issues</u>: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.  <u>Motions</u>: All prior and pending motions, their current status, and any anticipated motions.

5.  <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.  <u>Evidence Preservation</u>: A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. *See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

7.  <u>Disclosures</u>: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.

8.  <u>Discovery</u>: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.

9.  <u>Class Actions</u>: If a class action, a proposal for how and when the class will be certified, and whether all attorneys of record for the parties have reviewed the Procedural Guidance for Class Action Settlements.

10. <u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. <u>Relief</u>: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. <u>Other References</u>: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14. <u>Narrowing of Issues</u>: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses. The parties shall jointly identify (in bold or highlight) one to three issues which are the most consequential to the case and discuss how resolution of these issues may be expedited.

15. <u>Expedited Trial Procedure</u>: Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64 Attachments B and D.

16. <u>Scheduling</u>: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

17. <u>Trial</u>: Whether the case will be tried to a jury or to the court and the expected length of the trial.

18. <u>Disclosure of Non-party Interested Entities or Persons</u>: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. In any proposed class, collective, or representative action, the required disclosure includes any person or entity that is funding the prosecution of any claim or counterclaim.

19. <u>Professional Conduct</u>: Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.